IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| R. JAIME RUHL, | : |
| Plaintiff, | : CASE NO. 2:13-CV-00716 |
|  | : JUDGE ALGENON L. MARBLEY |
| v. | : |
|  | : Magistrate Judge Kemp |
| STEPHEN F. BROWN, *et al.*, | : |
| Defendants. | : |

### I.    INTRODUCTION

This matter is before the Court on *pro se* Plaintiff Jaime Ruhl's Motion to Alter or Amend Opinion. (Doc. 44). Plaintiff moves the Court, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to alter or amend the Court's August 7, 2014 Opinion and Order for lack of personal jurisdiction. (*Opinion & Order*, Doc. 42). In response, Defendant Christie M. Miller filed a Motion to Strike, moving this Court to strike Plaintiff's motion. (Doc. 45). Defendants Langston, Harris, Caddel, and Shanks filed a joint Memorandum in Opposition to Plaintiff's Motion to Alter or Amend. (Doc. 46). Finally, Defendants Craig, Langham and Strange filed a joint Response to Plaintiff's Motion to Alter or Amend, also opposing Plaintiff's motion. (Doc. 47). Plaintiff also filed what he entitled a "motion to compel," requesting the Court's response to his Motion to Alter or Amend. (Doc. 48).

For the reasons set forth herein, Defendant Miller's Motion to Strike, (Doc. 45), is **DENIED.**  Plaintiff's Motion to Alter or Amend, (Doc. 44), also is **DENIED**. Plaintiff's Motion to Compel (Doc. 48) is **MOOT**.

1

## II.   BACKGROUND

This action comes before the Court as a result of a custody battle between Plaintiff and his former wife Cathi Spear (a non-party) over their child. (Doc. 42 at 2). In May of 2008, the Davidson County, Tennessee Juvenile Court issued an order regarding the parental rights of Plaintiff and Spear. (*Id*. at 2). Sometime in 2009 or 2010, however, Spear moved to Alabama and requested that the Morgan County, Alabama Juvenile Court modify the child support order. (*Id*.). Spear's petition for modification was successful. Thereafter, the Alabama Board of Civil Appeals eventually ruled that the Morgan County Court lacked subject matter jurisdiction over Spear's pending actions. (*Id*.). After an emergency hearing ordered by Judge Langham, the first judge assigned to the case in the Morgan County Court, the court determined that Ruhl was a resident of Alabama, and an order was entered. Plaintiff's request for review of the court's order declaring Spear an Alabama resident subsequently was denied by the Alabama Board of Civil Appeals, and the Alabama Supreme Court. (*Id*. at 3). On August 26, 2011, Judge Langham entered a "pendent lite" order, modifying child support and custody. (*Id*). Judge Langham subsequently recused himself from the case and Judge Brent Craig was assigned to the matter. (*Id*.).

Plaintiff filed his first suit in federal court on November 15, 2011, alleging violations of 42 U.S.C. §§ 1983 and 1985 and bringing various state law claims against Spear and her attorney, Defendant Langston. Plaintiff also made several petitions to Defendant Strange, Attorney General of Alabama, for relief, and made repeated, unsuccessful attempts to the Alabama Board of Civil Appeals and Alabama Supreme Court.

On July 19, 2013, Plaintiff filed a complaint with this Court against Spear's attorneys, Alabama Judges Langham and Craig in their individual capacities, and Attorney General

2

Strange, alleging various constitutional and state law claims. (*Id*. at 4). On August 7, 2014, this Court dismissed all Defendants for lack of personal jurisdiction, finding that Plaintiff failed to demonstrate how the Defendants "purposefully availed" themselves of the forum state, and that the Defendants' actions were not substantial enough for the Court to exercise reasonably personal jurisdiction.  (*Id*. at 9).

Plaintiff filed a Motion to Amend or Alter Opinion on September 4, 2014. (Doc. 44). Plaintiff argues that this Court's August 7, 2014 Opinion was inaccurate; thus, the Court should grant summary judgment for the Plaintiff, or in the alternative, proceed to trial. (Doc. 44 at 35). In response, Defendant Miller filed a Motion to Strike arguing that Plaintiff failed to assert any reason for reconsideration and violated Local Rule 7.2(a)(3), which requires that any motion filed that exceeds 20 pages include additional items, such as a table of contents. (Doc. 45 at 1-2). Defendants Langston, Harris, Caddel, and Shanks filed a joint Memorandum in Opposition to Plaintiff's Motion to Alter of Amend, arguing that the Plaintiff's motion does not state any grounds for reconsideration and that Plaintiff's motion fails to comply with this District's local rules, essentially incorporating by reference the reasoning of Defendant Miller's Motion to Strike. (Doc. 46 at 1-2). Likewise, Defendants Craig, Langham and Strange filed a joint Response to Plaintiff's Motion to Alter or Amend, arguing that Plaintiff fails to assert any argument that would entitle him to relief under Rule 59(e).  (Doc. 47 at 2).

On November 21, 2014, Plaintiff also filed a motion that he entitled "motion to compel," requesting that this Court respond to his Motion to Alter or Amend.  (Doc. 48).

### III. STANDARD OF REVIEW

In order to prevail on a Rule 59(e) motion, a Plaintiff must show:  (1) a clear error of law or an intervening change in the law; (2) newly discovered evidence; or (3) a need to prevent

3

manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). The movant must specifically state the basis for this Rule 59 motion, as well as the relief sought. *Id*. at 612. The Court grants Rule 59 motions only in extraordinary circumstances. *Gascho v. Global Fitness Holdings, LLC*, 918 F. Supp.2d 708, 714 (S.D. Ohio 2014). Rule 59 "is not a vehicle to reargue the case … or re-litigate matters already decided." *Id*.  A Rule 59 motion that essentially offers arguments already decided is inappropriate and will not prevail. *See Dana Corp. v. U.S.*, 764 F. Supp. 482, 489 (N.D. Ohio 1991) (denying Defendant's motion to amend because the arguments mirrored those in the complaint).  When, in a motion under Rule 59, a party makes essentially the same arguments presented in his initial pleadings, the proper action is an appeal. *Id*. at 489; *see also Kittle v. State*, No. 2:05-cv-1165, 2007 WL 543447, at *1 (S.D. Ohio Feb. 15, 2007).

## IV. ANALYSIS

### A. Defendant Miller's Motion to Strike

Defendant Miller asks this Court to strike Plaintiff's Motion to Alter or Amend for failing to state an argument for reconsideration, and for noncompliance with Local Rule 7.2(a)(3). (Doc. 45 at 2).  Local Rule 7.2(a)(3) states that memorandum in support or opposition to any motion not exceed 20 pages unless accompanied by a table of contents and a succinct, clear, and accurate summary indicating the main sections of the memorandum, principal arguments, and citations to primary authority.

Although Plaintiff's motion does not conform strictly to this District's local rules, generally the pleadings of pro se litigants are held to less stringent standards than pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); *see also Washington v. Comm'r of Soc. Sec.*, No. 1:07-CV-230, 2008 WL 4449428, at *4 (S.D. Ohio, Sept. 30, 2008) ("A court should make a reasonable attempt to read the

4

pleadings to state a valid claim on which the plaintiff could prevail, despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with the pleading requirements.") (internal citations and quotations omitted). Indeed, the Sixth Circuit has determined that, "[t]he rights of pro se litigants require careful protection where highly technical requirements are involved, especially when enforcing those requirements might result in a loss of the opportunity to prosecute or defend a lawsuit on the merits." *Brown v. Matauszak*, 415 F. App'x 608, 616 (6th Cir. 2011) (citing *Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984)). The Court recognizes, however, that courts should accept unwarranted factual inferences lacking application of the substantive law of the claim merely because a party is proceeding *pro se*. *Wheeler v Park Nat. Holding Corp.*, No. 2:05-cv-00839, 2006WL1064057, *3 (S.D. Ohio 2006).

Nevertheless, here, in light of the fact that Plaintiff is proceeding *pro se* and presents a non-frivolous argument, the Court chooses to hold his briefing to a less stringent standard, and will consider his motion on the merits, despite its failure to conform strictly with Local Rule 7.2. Therefore, the Court DENIES Defendant's Motion to Strike.

### B. Plaintiff's Motion to Alter or Amend

A motion to alter or amend is proper if there is an intervening change in the law, new evidence becomes available, or it is necessary to correct an error in the law or prevent manifest injustice. *Gascho*, 918 F. Supp.2d at 714.

Plaintiff's chief argument is that the Court's August 7, 2014 Opinion and Order "inaccurately stated" the Court's jurisdiction over Defendants. (Doc. 44 at 1). Plaintiff asserts that the "opinion altogether failed comprehending the basis of [the] case and its parties." (*Id.*). Plaintiff argues that Defendants' summons to appear at trial, orders restricting Plaintiff's travel,

5

actions filed in Alabama state court, and the alleged depletion of Plaintiff's property and liberty are continuous and systematic contacts that demonstrate that Defendants purposefully availed themselves of the forum. (Doc. 44 at 28).

Plaintiff's motion neither asserts an intervening change in the law, nor invokes the Court to prevent a manifest injustice or correct an error in the law.  Furthermore, Plaintiff does not assert new evidence has become available; instead, he regurgitates facts already established in the record and considered in this Court's August 7, 2014 Opinion and Order.  Upon reassertion of the case facts, Plaintiff argues that the Court inaccurately applied the personal jurisdiction standard in granting Defendants' motions to dismiss. (Doc. 44 at 1). In short, Plaintiff contests the Court's ruling largely by restating the history of the case and attempting to reargue facts already taken into consideration when the Court issued its August 7, 2014 Opinion and Order. Such arguments, however, are unpersuasive and insufficient to grant reconsideration under Rule 59(e).

In the August 7, 2014 Opinion and Order, this Court analyzed the elements of personal jurisdiction and concluded that Plaintiff failed to meet the burden of proof necessary to establish personal jurisdiction. (*See* Doc. 42 at 9).  The Court's complete reasoning is set forth therein.  In summary, this Court determined that the Defendants did not purposefully avail themselves of the forum state in a way that would make the exercise of jurisdiction reasonable in Ohio. (Doc. 42 at 9).  The Court found that Defendants "reside in Alabama, work in Alabama, and participated in the events underlying this case in Alabama." (*Id*. at 8).  Thus, the cause of action arose from Defendants' actions in Alabama, not Ohio. (*Id*. at 9).  Finally, this Court held that the Defendants lacked a substantial enough connection with Ohio to make the exercise of jurisdiction reasonable. (*Id*. at 9). Defendants' only connection with Ohio is the fact that Plaintiff resides in

Ohio and the "arbitrary and fortuitous" fact that Ruhl appeared in court before the Defendants. (*Id.*).

Again, "Rule 59(e) is not designed to give an unhappy litigant an opportunity to re-litigate matters already decided." *Global Fitness Holdings, LLC*, 918 F. Supp.2d at 714. Here, Plaintiff fails to argue any factor under Rule 59 that would justify reconsideration. Plaintiff does not identify an intervening change in controlling law or newly discovered evidence, nor does he demonstrate a manifest injustice or clear error of law. Instead, Plaintiff asserts myriad facts already weighed by this Court in its initial judgment and then attempts to rehash arguments already considered and issues already decided. This is not the intended purpose of Rule 59(e).

If Plaintiff believes that this Court either omitted or misinterpreted key facts, the Court of Appeals is the proper venue for such arguments. In general, a party's disagreement with this Court's decision is not a viable basis for arguing that reconsideration is warranted. *See Nayyar v. Mt. Carmel Health Sys.*, No. 2:10-CV-00135, 2014 WL 619394, at *3 (S.D. Ohio Feb. 18, 2014) (noting that a court "will not find manifest injustice when the moving party simply reargues the issues that were not previously successful"); *Gore v. AT & T Corp.,* No. 2:09–CV–854, 2010 WL 3655994, *1 (S.D.Ohio Sept.14, 2010) ("Motions for reconsideration should not be used as a substitute for appeal nor should they be used as a vehicle for mere disagreement with a district court's opinion."). Plaintiff's motion fails to meet the standards required for reconsideration under Rule 59(e). Therefore, Plaintiff's Motion to Alter or Amend Opinion is DENIED.

## V. CONCLUSION

For the reasons stated above, Defendant Miller's Motion to Strike (Doc. 45) is **DENIED.** Plaintiff's Motion to Alter or Amend (Doc. 44) also is **DENIED**.  Plaintiff's Motion to Compel (Doc. 48) is **MOOT**.

**IT IS SO ORDERED.**

<u>s/ Algenon L. Marbley</u>
**ALGENON L. MARBLEY**
**United States District Judge**

**DATED:  September 1, 2015**